IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONEY SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| EXAMINATION MANAGEMENT | § | |
| SERVICES, INC., EMSI HOLDING | § | |
| COMPANY, RDI XTRACT, LLC and | § | |
| RDI CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants RDI XTRACT, LLC ("RDI Xtract") and RDI Corporation ("RDI Corp") file this Notice of Removal and, in support thereof, respectfully state:

1. On August 28, 2020, Plaintiff Money Services, Inc. ("Plaintiff") filed a lawsuit against Examination Management Services, Inc. and EMSI Holding Company (jointly, the "EMSI Defendants") and RDI Xtract and RDI Corp (jointly the "RDI Defendants") in the 14th Judicial District Court, Dallas County, Texas, entitled *Money Services, Inc. v. Examination Management Services, Inc., EMSI Holding Company, RDI Xtract, LLC and RDI Corporation*, Cause No. DC-20-12059 (the "Lawsuit").

2. Plaintiff provided the RDI Defendants notice of the Lawsuit on September 3, 2020. Therefore, this Notice of Removal is being filed within thirty (30) days of Defendants first receiving notice of the Lawsuit. *See* 28 U.S.C. § 1446(b).

3. The EMSI Defendants are improperly or fraudulently joined for the purpose of defeating diversity jurisdiction. Specifically, Plaintiff signed a contract, attached hereto as Exhibit 1, which requires the parties to the contract file suit in Delaware. Plaintiff, in violation

**DEFENDANTS' NOTICE OF REMOVAL – Page 1**

of the contratual provision, filed suit against the EMSI Defendants in Texas, in an attempt to defeat diversity jurisdiction as to the RDI Defendants.

4. RDI Xtract and RDI Corp are Ohio corporations with their respective principal places of business in Ohio. Plaintiff is a Delaware corporation with its principal place of business in Iowa. Accordingly, diversity of citizenship exists between the properly joined parties and removal to federal court is proper. 28 U.S.C. § 1332.

5. Furthermore, Plaintiff's claims for damages are limited only to "less than $100,000.00," which amount exceeds the minimum jurisdictional requirements of this Court. In such circumstances, the plaintiff bears the burden of stipulating to damages below the jurisdictional amount and such stipulation must be filed with the state court before removal. *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) *and St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, n.18 (5th Cir. 1998). No such stipulation was filed.

6. Plaintiff's sole cause of action against the RDI Defendants seeks recovery for tortious interference with an existing contract. *See* Plaintiff's Original Petition, Application for Temporary Restraining Order, and Application for Temporary and Permanent Injunctive Relief ("Pl's Petition") at Paras. 50-56.[1] A claim for tortious interference under Texas law permits the plaintiff to recover punitive damages. *See Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 745 (Tex. 1986) ("When a distinct, willful tort is alleged and proved in connection with a suit upon a contract, one may recover punitive damages….") (*citing City Products Corp. v. Berman*, 610 S.W.2d 446, 450 (Tex. 1980)). Furthermore, Plaintiff affirmatively seeks recovery of its costs incurred (Pl's Petition at Para. 7).

---

[1] Plaintiff also included a second "cause of action" seeking injunctive relief. Claims for injunctive relief, however, are not independent causes of action and a party seeking such relief must plead a separate cause of action. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

**DEFENDANTS' NOTICE OF REMOVAL – Page 2**

7. On its face, Plaintiff's pleadings indicate the likelihood that damages will exceed the jurisdictional limits of this Court and, in the absence of a stipulation to the contrary, removal to this Court is proper.

8. A certified copy of all pleadings filed in the Lawsuit as of the date of this Notice is attached hereto as Exhibit "2."

9. RDI Corporation consents to the removal of this action, subject to RDI Corporation's forthcoming Motion to Dismiss for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

10. The EMSI Defendants also consent to removal of this action, to the extent such consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

11. Contemporaneously with the filing of this Notice, RDI Xtract filed a copy of this Notice in the Lawsuit and forwarded a copy to counsel for Plaintiff.

    Respectfully submitted,

    **THE COLES FIRM PC**
    4925 Greenville Avenue
    Suite 200
    Dallas, Texas 75206
    (214) 443-7860 (Telephone)
    (214) 692-7145 (Facsimile)

    By:    s/Michael E. Coles
            Michael E. Coles
            State Bar No. 24007025

    Of Counsel

    Elizabeth Aten Lamberson
    State Bar No. 24027044
    **THE LAMBERSON LAW FIRM PC**
    6333 East Mockingbird Lane
    Suite 147-524
    Dallas, Texas 75214
    (214) 320-2894 (Telephone)

(214) 692-5796 (Facsimile)

**ATTORNEYS FOR DEFENDANTS RDI XTRACT, LLC AND RDI CORPORATION**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was sent, via ECF, to counsel for Plaintiff on the 14th day of September 2020.

s/Michael E. Coles
Michael E. Coles

**DEFENDANTS' NOTICE OF REMOVAL – Page 4**